E-filed 11/29/2016

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DUKE PARTNERS II, LLC,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>ANTONIO L. MOSQUEDA,<br><br>　　　　　Defendant. | Case No. 16-cv-06783-HRL<br><br>**ORDER FOR REASSIGNMENT TO A DISTRICT COURT JUDGE**<br><br>**REPORT AND RECOMMENDATION RE: REMAND TO STATE COURT**<br><br>Re: Dkt. No. 1 |

　　　　Antonio Mosqueda removed this unlawful detainer action from the Monterey County Superior Court. For the reasons stated below, the undersigned recommends that this matter be remanded to the state court for lack of federal subject matter jurisdiction.

　　　　Removal to federal court is proper where the federal court would have original subject matter jurisdiction over the complaint. 28 U.S.C. § 1441. The removal statutes are strictly construed against removal and place the burden on the defendant to demonstrate that removal is proper. Moore-Thomas v. Alaska Airlines, Inc., 553 F.3d 1241, 1244 (9th Cir. 2009) (citing Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992)). Additionally, the court has a continuing duty to determine whether it has subject matter jurisdiction. Fed. R. Civ. P. 12(h). A case must be remanded to the state court if it appears at any time before the final judgment that the court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c).

　　　　Defendant fails to show that removal is proper based on any federal law. Federal courts have original jurisdiction over civil actions "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A claim "arises under" federal law if, based on the "well-

1   pleaded complaint rule," the plaintiff alleges a federal claim for relief.  Vaden v. Discovery Bank,
2   129 S. Ct. 1262, 1272 (2009).  Defenses and counterclaims asserting a federal question do not
3   satisfy this requirement.  Id.

4   Though the defendant did not attach full copy of the state court complaint to his notice of
5   removal, none of the papers he submitted to this court (including the notice of removal, the civil
6   cover sheet from the state court, and defendant's demurrer in state court) suggest that the state
7   court complaint included a federal claim.  These documents all indicate that the complaint was an
8   unlawful detainer action.  (Dkt. No. 1, at ¶ 1; id. at Exs. B, C).  Additionally, it is defendant's
9   burden to show that removal is proper, and none of defendant's assertions constitute such a
10  showing.  Defendant asserts that "[f]ederal question jurisdiction exists because Defendant's
11  demurrer, a pleading, depend[s] on the determination of Defendant's rights and Plaintiff's duties
12  under federal law."  (Dkt. No. 1, at ¶ 10).  In particular, defendant asserts that plaintiffs lacked
13  standing.  (Id. at ¶ 8).  However, allegations in a removal notice or demurrer cannot provide this
14  court with federal question jurisdiction.  Finally, though the defendant states that he "filed a
15  Complaint for Lack of Standing to Foreclose base[d] on various counts of fraud, Void Assignment
16  of Deed of Trust Based [on] Violation of the Pooling and Servicing Agreement," defendant did
17  not (and cannot, if he is the plaintiff who filed it) remove this complaint, but instead removed a
18  complaint filed against him.  If the complaint to which defendant refers was a counterclaim, there
19  is no federal question jurisdiction due to the well-pleaded complaint rule.

20  The court also does not find any basis for diversity jurisdiction.  Federal district courts
21  have jurisdiction over civil actions in which the matter in controversy exceeds the sum or value of
22  $75,000 (exclusive of interest and costs) and is between citizens of different states.  28 U.S.C.
23  § 1332.  Defendant fails to identify the citizenship of each party.  But this is of no import, since
24  the civil cover sheet for the complaint indicates that the amount in controversy does not exceed
25  $25,000.  Moreover, unlawful detainer actions involve the right to possession alone, not title to the
26  property.  So, the fact that the subject property may be worth more than $75,000 is irrelevant.
27  MOAB Investment Group, LLC v. Moreno, No. C14-0092EMC, 2014 WL 523092 at *1 (N.D.
28  Cal., Feb. 6, 2014); Maxwell Real Estate Investment LLC v. Bracho, No. C12-02774RMW, 2012

WL 2906762 at *1 (N.D. Cal., July 13, 2012).

There being no basis for federal jurisdiction over plaintiff's unlawful detainer action, the removal of this case was improper. Defendant is advised that future attempts to remove this matter may result in sanctions.

Because the parties have yet to consent to the undersigned's jurisdiction, this court ORDERS the Clerk of the Court to reassign this case to a District Judge. The undersigned further RECOMMENDS that the newly assigned judge remand the case to the Monterey County Superior Court. Any party may serve and file objections to this Report and Recommendation within fourteen days after being served. Fed. R. Civ. P. 72.

**IT IS SO ORDERED.**

Dated: 11/29/2016

_____
HOWARD R. LLOYD
United States Magistrate Judge